IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SELVIR BERISAJ,
075 073 804,

Petitioner,

vs.

LORETTA LYNCH,
JEFF CHARLES JOHNSON,
RICHARDO A. WONG,
and WARDEN,

Respondents.                               Case No. 16-cv-2-DRH

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Selvir Berisaj is currently detained at the Tri-County Detention Center in Ullin, Illinois. (Doc. 1). Proceeding *pro se*, Berisaj filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) on January 4, 2016, in order to challenge his detention by Immigration & Customs Enforcement officials since April 1, 2014. (*Id.* at 5). An immigration judge allegedly entered a final Order for his removal from the United States on July 2, 2015. Berisaj has now been detained beyond the six-month period that the United States Supreme Court held was presumptively reasonable to effectuate his removal in *Zadvydas v. Davis*, 533 U.S. 678 (2001). Removal is unlikely in the "reasonably foreseeable future." *Id.* at 702. Berisaj asserts that his continued detention is improper, and he seeks immediate release from custody.

This matter is now before the Court for a preliminary review of the petition

pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts.  Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  After carefully reviewing the petition and exhibits, the Court concludes that the petition warrants further review.

### I. Background

Berisaj is a native of Yugoslavia and a citizen of Bosnia-Herzegovina.  (Doc. 1 at 3-5).  He first entered the United States as a refugee in 1999.  His status was adjusted to that of a lawful permanent resident of this country following the conflict in the former Yugoslavia.

Berisaj was convicted of multiple theft- and drug-related crimes on undisclosed dates.  After serving sentences for those crimes, the Department of Homeland Security ("DHS") identified Berisaj as an individual who is subject to removal from the United States.  He was taken into custody by Immigration & Customs Enforcement ("ICE") officials on April 1, 2014.  An immigration judge ordered his removal to Bosnia-Herzegovina or Montenegro in an Order that became final on July 2, 2015.

To date, ICE has been unable to remove Berisaj to the former Yugoslavia, Kosovo, Montenegro, or any other country.  His custody status was reviewed on September 30, 2015.  His continued detention was ordered on October 1, 2015.

Berisaj has fully cooperated with the removal efforts. Despite this fact, he contends that removal is not likely in the reasonably foreseeable future. Officials in Bosnia-Herzegovina recently refused to issue Berisaj travel documents, after taking the position that he is no longer a citizen. He received a notice transferring authority over his custody status to ICE headquarters on December 29, 2015. (*Id.*). The instant habeas petition followed.

## II. Discussion

Berisaj filed his § 2241 petition on January 4, 2016. (Doc. 1). In it, Berisaj claims that his ongoing detention violates his substantive and procedural due process rights and 8 U.S.C. § 1231(a)(6), among other federal statutes, as interpreted by the United States Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001). The Court's preliminary review of his overall petition suggests that dismissal would not be appropriate at screening. The § 2241 petition will therefore proceed past preliminary review.

With that said, Berisaj has named several respondents who are not proper. In *Kholyavskiy v. Achim*, 443 F.3d 946, 952-53 (7th Cir. 2006), the Seventh Circuit held that an immigration detainee raising substantive and procedural due process challenges to his "confinement awaiting removal" could only name the person who has immediate custody of him during his detention, and not high-level ICE officials or the Attorney General. *Id.* Accordingly, all respondents other than the Warden of the Tri-County Detention Center will be dismissed from this case.

### III.     Disposition

**IT IS HEREBY ORDERED** that Berisaj's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 shall receive further review.

**IT IS FURTHER ORDERED** that Loretta Lynch (Attorney General), Jeff Charles Johnson (Department of Homeland Security Secretary), and Ricardo Wong (Immigration & Customs Enforcement Chicago/Southern District of Illinois Field Office Director) are hereby **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that the Warden of the Tri-County Detention Center shall answer the petition within thirty (30) days of the date this Order is entered.[1]  This order to respond does not preclude the respondent from making whatever waiver, exhaustion, or timeliness arguments it may wish to present to the Court.  Service upon the Warden, Tri-County Detention Center, 1026 Shawnee College Road, Ullin, Illinois, 62992 shall constitute sufficient service.

Out of an abundance of caution and pursuant to Federal Rule of Civil Procedure 4(i), the Clerk is **DIRECTED** to send a copy of the petition and this Order to the United States Attorney for this District, and to send a copy of the petition and Order via registered or certified mail to the United States Attorney General in Washington, D.C., to the United States Department of Homeland Security, and to the United States Immigration & Customs Enforcement.

**IT IS FURTHER ORDERED** that, pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to Magistrate Judge Clifford J. Proud for further pre-trial

---

[1] The response date ordered herein is controlling.  Any date that CM/ECF should generate in the court of this litigation is a guideline only.

proceedings.

**IT IS FURTHER ORDERED** that this entire matter is **REFERRED** to Magistrate Judge Clifford J. Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all parties consent to such a referral*.

Petition is **ADVISED** of his continuing obligations to keep the Clerk (and respondent) informed of any change in his whereabouts during this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  1/25/2016**

Digitally signed by Judge David R. Herndon
Date: 2016.01.25 11:32:49 -06'00'

**District Judge**
**United States District Court**