IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **SELVIR BERISAJ,** | ) |
| Petitioner, | ) ) ) |
| vs. | ) ) Civil No. 16-cv-002-DRH-CJP |
| **WARDEN of IMMIGRATION DETENTION FACILITY,** | ) ) ) ) |
| Respondent. | ) |

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

This matter is now before the Court on respondent's Motion to Dismiss Petition for Writ of Habeas Corpus as Moot. (Doc. 14).

### Relevant Facts and Procedural History

Selvir Berisaj filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 challenging his detention by Immigration and Customs Enforcement (ICE). According to respondent, Berisaj is a native of Yugoslavia and a citizen of Bosnia-Herzegovina or Montenegro. He entered the United States as a refugee in 1999. His status was later adjusted to that of a lawful permanent resident. While in the United States, he was convicted of larceny, drug possession and drug manufacturing. ICE brought removal proceedings and petitioner is now subject to an order of removal which became final in July 2015. Doc. 10, p. 2, and exhibits referred to therein.

The §2241 petition asserts that petitioner has been held in ICE custody while ICE attempted to procure a travel document from Bosnia-Herzegovina and

1

Montenegro so that petitioner could be removed. Petitioner asserts that his continued detention by ICE is unlawful under *Zadvydas v. Davis*, 121 S. Ct. 2491 (2001).

Respondent moves to dismiss because petitioner has now been released from custody. On April 6, 2016, petitioner was released from custody on an order of supervision. See, Affidavit and Release Notification, Doc. 14, Exs. 1 & 2.

### Analysis

A petition under 28 U.S.C. §2241 is the appropriate vehicle for challenging the length of detention pending removal. *Zadvydas,* 121 S. Ct. at 2497-2498.

Under 28 U.S.C. §2241(c), a writ of habeas corpus "shall not extend to a prisoner" unless he is "in custody." The "in custody" requirement is satisfied if the petitioner was in custody at the time of the filing of the petition. *Spencer v. Kemna,* 118 S. Ct. 978, 983 (1998). Therefore, a detainee who is released while his petition for writ of habeas corpus is pending meets the "in custody" requirement; his release does not necessarily render his petition moot.

However, the petition must still present a "case or controversy" under Article III, § 2 of the Constitution. That is, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." *Spencer*, 118 S. Ct. at 983 (internal citation omitted).

The Seventh Circuit directs a federal court to "dismiss a case as moot when it cannot give the petitioner any effective relief." *A.M. v. Butler*, 360 F.3d 787, 790

(7th Cir. 2004). That is the situation here. The petition did not contest the legality of the underlying removal order. Petitioner has received the relief sought, i.e., release from ICE custody.

### Conclusion

Respondent's Motion to Dismiss (Doc. 14) is **GRANTED**.

The petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 (Doc. 1) is moot. This action is **DISMISSED WITHOUT PREJUDICE**

**IT IS SO ORDERED.**

Signed this 14th day of April 2016

Digitally signed by Judge David R. Herndon
Date: 2016.04.14 10:16:08 -05'00'

**United States District Court**